United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVBI COMPANY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>WANG YU LIN,<br><br>    Defendant._____ / | No. C -12-05734 EDL<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On November 7, 2012, Plaintiff TVBI Company Limited filed a complaint against Defendant Wang Yu Lin, alleging one claim for breach of a guarantee agreement. Although Defendant was served with the summons and complaint in this matter (see Docket No. 4), Defendant failed to answer the complaint or otherwise defend the action. Upon Plaintiffs' request, under Federal Rule of Civil Procedure 55(a), the Clerk of this Court entered Defendant's default on December 26, 2012. See Docket No. 6. By his default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6).

On March 1, 2013, Plaintiff filed a Motion for Default Judgment against Defendant. Plaintiff seeks judgment against Defendant in the amount of $35,686,791,731 Vietnamese Dong, or $1,713,569.00 United States Dollars. Because all parties have not consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the Court issues this Report and Recommendation and will reassign this matter to a district court judge.

Because this matter is appropriate for decision without oral argument, the Court vacated the April 9, 2013 hearing. For the reasons set forth below, it is recommended that the Court grant Plaintiff's motion and enter default judgment as described below.

**Background**

Plaintiff is a Hong Kong corporation and its major activities include program licensing, video distribution and satellite broadcasting. Compl. ¶ 2; Declaration of Anthony Ho ¶ 2. Plaintiff distributes international programming in Chinese, English and Vietnamese. Compl. ¶ 4; Ho Decl. ¶ 2.

Defendant is an individual residing in Contra Costa County, and is a shareholder, officer and/or owner of San Yang Company and does business as San Yang Company. Compl. ¶ 3; Ho Decl. ¶ 3; Exhibits A at 14, B at 1. Defendant has represented in the executed agreements with Plaintiff that he is beneficially interested in the business and good will of San Yang Company. Id.

On or about October 6, 2009, Plaintiff entered into a TVB Vietnamese Program Channel License Agreement with San Yang Company. Compl. ¶ 5; Ho Decl. ¶ 5; Exhibit A. The License Agreement granted to San Yang Company the exclusive rights to broadcast TVB programming via cable television in Vietnam. Id. Also on October 6, 2009, Plaintiff and San Yang Company entered into a First Supplemental Agreement and a Second Supplemental Agreement. Ho Decl. ¶ 6, Exhibits B. C. Together, the San Yang License, the First Supplemental Agreement and the Second Supplemental Agreement constitute the "San Yang License."

The First Supplemental Agreement delayed the commencement of the license period from June 1, 2009 to August 1, 2009. Ho Decl. ¶ 6, Exhibit B. The Second Supplemental Agreement further delayed the commencement of the license period from August 1, 2009 to October 1, 2009. Ho Decl. ¶ 7; Exhibit C. Furthermore, pursuant to the Second Supplemental Agreement, San Yang Company was permitted to sublicense any of the rights granted to it under the San Yang License to a Vietnamese company known as Anh Vuong for the purposes of appointing Saigontourist Cable Television Company ("SCTV") as the Cable Operator to distribute and broadcast the licensed TVB programming in Vietnam during the license period. Exhibit C, ¶ 3. San Yang Company expressly warranted and represented that the Second Supplemental Agreement and the sublicense to Anh Vuong would not diminish the obligations of the San Yang Company to Plaintiff under the San Yang License, and that the San Yang Company would remain liable to Plaintiff for all its obligations. Id.

2

The San Yang License requires San Yang Company to pay to Plaintiff both a Channel Fee and a Share of Revenue generated by the distribution of the licensed programming. Compl. ¶ 5; Exhibit A at 7, ¶ 8. The Share of Revenue to be paid to Plaintiff was a 30% share of revenue, calculated based on a formula in the San Yang License. Exhibit A, Schedule 1, ¶ C.

Also on October 6, 2009, Plaintiff entered into a Deed of Guarantee with Defendant. Compl. ¶ 6; Ho Decl. ¶ 10, Exhibit D. Pursuant to the Guarantee Agreement, Defendant unconditionally and irrevocably agreed to guarantee the obligations of San Yang Company under the San Yang License "as amended, varied and/or supplemented from time to time." Exhibit D at ¶ A.

San Yang Company breached its obligation to Plaintiff under the San Yang License by failing to pay the required Share of Revenue owed to Plaintiff, starting with the revenues generated by the San Yang License in October 2010 and continuing through the end of the license term on September 30, 2011. Compl. ¶ 8; Ho Decl. ¶ 11. To calculate the Share of Revenue, Anh Vuong and SCTV first complied reports on the advertising revenue generated by the distribution of the TVB licensed programming in Vietnam. Ho Decl. ¶ 12. San Yang Company then obtained the revenue reports and sent the reports to Plaintiff. Ho Decl. ¶ 12. When Plaintiff received the reports, it would calculate the Share of Revenues using the gross advertising revenue amounts provided in the reports and the formula in the San Yang License. Ho Decl. ¶ 12; Exhibit A at 7, ¶ 8. Plaintiff would then issue an invoice to San Yang Company. Id.

Starting in late 2010 or early 2011, however, San Yang Company stopped sending the revenue reports to Plaintiff, and Plaintiff had to obtain them directly from SCTV. Ho Decl. ¶ 12. As of December 13, 2011, San Yang Company was indebted to Plaintiff in the amount of at least $20,543,016,769 Vietnamese Dong. Compl. ¶ 8; Ho Decl. ¶¶ 13-36; Exhibits E-DD; Wan Decl. ¶ 4. On December 13, 2011, Plaintiff sent notices of payment default to San Yang Company and Defendant. Wan Decl. ¶¶ 4, 5; Exhibits M, N. The debt reflected in the December 13, 2011 letters was never cured. Wan Decl. ¶ 6.

On August 22, 2012, Plaintiff sent additional notices of payment default to San Yang Company and Defendant. Wan Decl. ¶¶ 7, 8; Exhibits FF, GG. As of October 15, 2012, San Yang Company was indebted to Plaintiff in the amount of $35,686,791,731 Vietnamese Dong. Compl.

3

0pp 8; Ho Decl. ¶ 37. The debt reflected in the August 22, 2012 letters was never cured. Wan Decl. ¶ 9.

As of the filing of the complaint in this matter, the exchange rate was one United States Dollar to 20,826 Vietnamese Dong. Compl. ¶ 8; Ho Decl. ¶ 38. Thus, as of that date, San Yang Company's debt to Plaintiff was approximately $1,713,569 United States Dollars. Id. Despite the written demands to San Yang Company and to Defendant, no part of the outstanding balance has been paid by San Yang Company or by Defendant. Compl. ¶ 9; Ho Decl. ¶ 39. Despite Plaintiff's written demands to Defendant under the Guarantee Agreement, Defendant has failed to pay the outstanding balance. Id. Plaintiff has performed all of its obligations under the San Yang License and the Guarantee Agreement. Compl. ¶ 10.

**Discussion**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(B)(2); 50 U.S.C. § 521(b)(1). Defendant here is not an unrepresented minor, an incompetent person, or in military service. See Decl. of Jennifer Sun in Support of Request to Enter Default (docket no. 5) at ¶¶ 5-6.

The general rule is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment. Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991). Relief is limited to the plaintiff's specific demand in his complaint. Fed. R. Civ. P. 54(c). Entry of default judgment requires the consideration of several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal

4

Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Eitel factors weigh in favor of entry of default judgment. First, Plaintiff's claim based on breach of the guarantee agreement appears to have merit and the complaint is sufficient to state that claim. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Security Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990). Here, as described in detail above, Plaintiff alleges that it had a Guarantee Agreement with Defendant under which Defendant agreed to guarantee the obligations of the San Yang Company under the San Yang License. Exhibit D at ¶ A. Plaintiff alleges that Defendant breached that Guarantee Agreement by failing to pay the outstanding balance owed under the San Yang License despite receiving written demands from Plaintiff. Compl. ¶ 9; Ho Decl. ¶ 39. Plaintiff alleges that it performed all obligations required of it under the Guarantee Agreement and the San Yang License. Compl. ¶ 10. Plaintiff also alleges that it suffered damages in the amount of $1,713,569.00 United States Dollars. Compl. ¶ 1; Ho Decl. ¶ 41.

The majority of the remaining Eitel factors also weigh in favor of granting default judgment. First, if the motion were denied, Plaintiff would likely be without a remedy. This is because if Defendant does not appear in court, Plaintiff has no method of addressing this matter. See Pepsico, Inc. v. Cal. Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Second, because Defendant did not answer the complaint, there is nothing to suggest that there is a possibility of a dispute concerning material facts. Third, while the sum of money at stake in this action is significant, it is proportionate; the amount constitutes one year of unpaid Share of Revenue where the gross revenue amount totaled $164,327,963,245 Vietnamese Dong or $7,890,520.00 United States Dollars, meaning that Defendant has retained not only his share of the revenues, but also Plaintiff's share. Fourth, there is a strong possibility of prejudice to Plaintiff if the motion is not granted because Defendant refused to comply with Guarantee Agreement regarding the Share of Revenue provision, and has continued to distribute the programming and collect all of the revenue,

including Plaintiff's portion. Finally, there is no evidence that Defendant's default was due to excusable neglect given the default notices that were sent to Defendant directly before Plaintiff filed this action.

**Damages**

Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. Plaintiff has submitted the declarations of Anthony Ho, the Controller of International Business for Plaintiff, Karen Wan, Senior Legal Counsel for Plaintiff, and Rosemary Nguyen, an associate member of the American Translators Association. As described above, Ho attested to the amount owned by Defendant and authenticated the revenue reports and invoices used to support the total amount of damages. Wan attested to the fact that payment default letters were sent to Defendant, and that the debt was never cured. She also authenticated the payment default letters. See Exhibits M, N, FF, GG.

Thus, according to the complaint, and corroborated by the documents attached to the Ho and Wan declarations, Defendant failed to pay Plaintiff a total of $1,713,569.00 United States Dollars. Having reviewed the complaint, and all of the materials filed in support of the motion for default judgment, the Court finds that Plaintiff has established that Defendant is liable for this amount, and recommends that Plaintiff recover a total of $1,713,569.00 from Defendant.

**Conclusion**

For the reasons set forth above, and for good cause shown, it is hereby recommended that Plaintiff's Motion for Default Judgment be granted, and that default judgment be entered against Defendant in the amount of $1,713,569.00.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

IT IS SO ORDERED.

Dated: April 4, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge